Van Voorhis, J.
 

 Claimant leased various properties adjacent to the Thruway for the purpose of constructing and maintaining advertising signs. These signs, when they were erected, were more than 500 feet distant from the nearest edge of the pavement of the Thruway and, therefore, were not forbidden by section 361-a of the Public Authorities Law when it was enacted by chapter 593 of the Laws of 1952. They were, however, within the enlarged proscription of chapter 904 of the Laws of 1960, which extended the forbidden area to 660 feet from the pavement and of chapter 316 of the Laws of 1961, which caused the 660-feet setback to commence at the nearest edge of the right of way of the Thruway instead of the pavement. The signs were removed by the Thruway Authority. Claimant filed its notice of intention one day beyond the 90 days limited by subdivision 3 of section 10 of the Court of Claims Act. The time thus limited may be extended in the discretion of the court not to exceed two years in the manner provided by subdivision 5 of section 10. Claimant sought such permission and the State and the Thruway Authority cross-moved to dismiss the claim on the merits. The Appellate Division denied claimant’s motion to file a late notice of claim and granted defendants’ motion to dismiss the claim, citing
 
 New York State Thruway Auth.
 
 v.
 
 Ashley Motor Ct.
 
 (10 N Y 2d 151) and
 
 Empire Outdoor Adv. Co.
 
 v.
 
 New York State Thruway Auth.
 
 (25 A D 2d 498, opp. dsmd. 17 N Y 2d 730). The claim has thus been dismissed upon its merits without regard to its date of filing.
 

 
 *416
 
 On its appeal to this court, claimant contends that section 361-a, in its present form, is an unconstitutional exercise of the police power and constitutes a taking of private property without just compensation insofar as it authorizes the removal or destruction of claimant’s advertising signs.
 

 The reason of the Legislature for increasing the space in which advertising signs along the Thruway are prohibited to 660 feet from the property line of the highway was apparently that this was necessary in order to obtain Federal aid under section 131 of title 23 of the United States Code. That does not mean, however, that there was a failure of the police power to sustain this enlargement of the space in which such signs are prohibited. If it was a constitutional exercise of the police power to prohibit them within 500 feet from the edge of the Thruway pavement
 
 (New York State Thruway Auth.
 
 v.
 
 Ashley Motor Ct.,
 
 10 N Y 2d 151,
 
 supra),
 
 there would appear to be no reason on account of which the police power was exceeded by the Legislature in extending the distance to 660 feet from the property line.
 

 Advertising signs along highways heavily traveled by motorists at high speeds are in a class by themselves. Although aesthetic factors are not absent, the basis for the ruling in the
 
 Ashley
 
 case is public safety, which is a basis for the exercise of the police power by the Legislature. If people did not look at the signs, advertisers would not find it profitable to put them there. It was within the competence of the Legislature to determine that the safety of the traveling public is endangered by this distraction of the attention of drivers of automobiles under these circumstances. Exercise of the police power over subjects whose relationship to the public safety is honestly debatable cannot be held unconstitutional by the courts
 
 (New York State Thruway Auth.
 
 v.
 
 Ashley Motor Ct., supra,
 
 and cased cited).
 

 There would be no doubt about the power of the Legislature to require the removal without the payment of compensation of signs which were insecurely fastened that would be in danger of falling upon users of the highway
 
 (Leary
 
 v.
 
 City of Yonkers,
 
 95 App. Div. 126). A duty rests upon the public authorities to abate such conditions
 
 (Runkel
 
 v.
 
 City of New York,
 
 282 App. Div. 173, 177). A different kind of danger to the traveling public is involved here, but there is no reason on account of which it should be dealt with differently.
 

 
 *417
 
 The order appealed from should be affirmed.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Breitel concur.
 

 Order affirmed.