Chief Judge Fuld
The petitioner, licensed by the New York
City Department of Licenses to sell, for purposes of resale, tickets of admission to theatres or places of public amusement, challenges the validity of Regulation 6 (subd. f) of the Regulations of the' Department of Licenses relating to the reselling of tickets of admission.[1] The petitioner had been selling theatre tickets to an established theatre ticket agency in Washington, D. C., for over 15 years. Such sales were made at a price lawful under the laws of New York, and it is not claimed that the Washington agency sold or disposed of the tickets in any unlawful manner. There is no ticket broker licensing law in Washington.
The regulation in question unqualifiedly prohibits a licensed broker from consigning or selling tickets to an “ unlicensed person ” for resale. Consequently, it has — as the License Commissioner intended — the effect of proscribing the sale of tickets to any ticket broker or agency located in any place throughout the country (indeed, throughout the world) outside of the five boroughs of New York City, since such brokers or agencies do not have a license from the City Department. This exercise of power far exceeds the authority delegated to the Commissioner of Licenses to make rules and regulations “ as may be deemed necessary for the protection of the public” (General Business Law, § 169-b) against “ fraud, extortion, exorbitant rates and similar abuses ” (General Business Law, § 167).
“ Local laws are valid ”, this court declared in Good Humor Corp. v. City of New York (290 N. Y. 312, 317), “which have a substantial relation to matters within the field where legisla *674 tive power is vested in the local legislative body of the city by the Constitution and statutes of New York. They must be reasonably calculated to achieve a legitimate public purpose.” (See, also, Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690, 693.) If there is no reasonable relation between the evil present and the remedy proposed or if the latter is unduly oppressive, the regulation may not stand. “ An ordinance will be invalidated purporting to regulate a lawful activity,” we wrote in the Trio Distributors case (2 N Y 2d, at p. 693), “ where its purpose is ‘ to prohibit by onerous and exasperating restrictions, under the guise of regulation ’.”
A statute, the sole object of which is to assure that licensed ticket brokers do not resell tickets at amounts in excess of a specified price, does not authorize a city official to completely prohibit trade in such tickets with agencies located outside the City of New York. It may well be, as the Corporation Counsel urged on oral argument, that, without some .regulation, persons in neighboring states, after procuring tickets from licensed brokers, will resell such tickets to New York City residents at illicit rates far in excess of their box office price. If such a practice were actually found by the Commissioner of Licenses to exist, he would be privileged to promulgate a narrowly drawn regulation designed to deal with the abuse. However, no such abuse is shown here or even claimed. A regulation which prohibits a licensed broker from selling tickets for resale to brokers as far distant as California or Texas may not be justified or upheld because of a condition which may, perhaps, exist in New Jersey or Connecticut. In the picturesque language of the petitioner, the respondent should not be permitted to “ use a cannon to kill a butterfly.”
The order appealed from should be reversed, with costs, and the respondent Commissioner’s determination annulled.
Judges Burke, Scileppi, Bergan, Breitel and Jasen concur; Judge Keating taking no part.
Order reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. The Regulation — 6 (subd. f) —reads as follows:
"No licensed broker shall consign, sell or deliver tickets to any person when such broker knows or has reason to believe that said tickets have been or will be resold by an unlicensed person.”