In the Matter of GREENBURGH No. 11 FEDERATION OF TEACHERS, LOCAL 1532, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Appellant, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board of the State of New York, et al., Respondents.

Third Department, April 19, 1973.

*Eugene M. Kaufman* for petitioner.

*Martin L. Barr* (*Robert J. Miller* of counsel), for Robert D., Helsby and others, respondents.

*Jackson, Lewis, Schnitzler & Krupman* for Board of Education and another, respondents.

Cooke, J. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to vacate a determination of the Public Employment Relations Board, which found petitioner guilty of violating subdivision 1 of section 210 of the Civil Service Law and suspended its right to dues check-off for a period of six months.

There is no factual dispute. Petitioner is the recognized collective bargaining representative for teachers employed in the respondent school district. As a result of the latter's conduct, an improper practice charge was filed with the Public Employment Relations Board (PERB) alleging that the school district had violated clause (d) of subdivision 1 of section 209-a of the Civil Service Law by failing to negotiate in good faith, which charge was ultimately sustained by PERB. Petitioner, which was in the meantime frustrated in its efforts to achieve its aims through collective bargaining, admittedly engaged in, instigated, and condoned a strike against the school district from November 8 to December 2, 1971. Petitioner was charged with violating subdivision 1 of section 210 of the Civil Service Law, and this charge was also sustained, although PERB found that the conduct of the school district constituted extreme provocation so as to detract from petitioner's responsibility for the strike. As penalties, PERB ordered the school district to cease and desist from refusing to negotiate in good faith with petitioner and to post notices to that effect, and ordered that petitioner's rights to dues checkoff be forfeited for a period of six months, said rights not to be restored until petitioner pledged it would not strike.

Petitioner contends that it is a denial of equal protection of the laws to impose a harsher penalty upon it than upon the respondent school district which has also been found to have been responsible in part for the resulting strike. At the outset, we must recognize that remedies for improper employer and improper employee organization practices are peculiarly matters within administrative competence (*Matter of City of Albany* v. *Helsby,* 29 N Y 2d 433, 439).

Before there can be a deprivation of the constitutional right to equal protection of laws, persons similarly situated must be

treated differently. " That one class is treated differently than other classes can give rise to no complaint under the equal protection clause " (*Matter of Engelsher* v. *Jacobs*, 5 N Y 2d 370, 374). The Legislature may make classifications for purposes of legislation without infringement of the equal protection guarantee, and its discretion in this regard is broad and will not be disturbed if any state of facts can reasonably be conceived to sustain its classification or even if the classification is fairly debatable, provided only that it shall not be palpably arbitrary (*Matter of Dorn " HH "* v. *Lawrence " II "*, 31 N Y 2d 154). In the instant case we are faced with violations of the law by a public employer and a private employee organization. The sanctions imposed may therefore reflect this difference and need not be identical.

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, J. P., SWEENEY, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.