NIK-O-LOK COMPANY et al., Appellants, v HUGH L. CAREY, as Governor of the State of New York, et al., Respondents.

Third Department, June 3, 1976

*De Graff, Foy, Conway & Holt-Harris (John T. De Graff* and *Robert H. Iseman* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Lawrence L. Doolittle* and *Ruth Kessler Toch* of counsel), for respondents.

KANE, J. In July of 1975, the Legislature passed a bill, subsequently signed into law by the Governor on August 6, 1975 (L 1975, ch 666), which provided as follows:

"Section 1. Article twenty-six of the general business law is hereby amended by adding thereto a new section, to be section three hundred ninety-nine-a, to read as follows:

"§ 399-a. Pay toilets; prohibition.

"1. On and after September first, nineteen hundred seventy-five, no owner, lessee or other occupant of any real property or any other person, copartnership or corporation shall oper-

ate or permit to be operated pay toilet facilities upon such real property.

"2. A violation of the provisions of this section shall constitute a violation.

"§ 2. This act shall take effect September first, nineteen hundred seventy-five."

Plaintiffs are corporations that manufacture coin-operated locks, hinges and related equipment, suitable for installation on doors, which they lease to the owners or tenants of real property who provide toilet facilities to their customers or the general public. In this action they sought an injunction and a declaration that the foregoing statute is unconstitutional and void, but Special Term has granted summary judgment declaring it valid. This appeal ensued and a preliminary injunction remains in effect pending its resolution.

Plaintiffs' constitutional attack is based upon their contentions that this enactment violates basic concepts of due process and equal protection of the law under both the State and Federal Constitutions. The due process arguments are that (1) the statute is void for vagueness, (2) that it is an invalid exercise of the police power, and (3) that it deprives plaintiffs of their property without due process of law. Before considering the merits of this controversy, however, we must first resolve the question of plaintiffs' standing to maintain the full breadth of their action. They clearly have standing, based upon their existing leases, to assert most of the arguments presented, but it seems equally plain to us that they are not so directly affected by the statute that all of the issues they attempt to raise should be entertained at the present time. Nowhere does their complaint allege the occupancy of any real property where they operate anything which could remotely be considered a pay toilet facility. Thus, there is no reasonable possibility that plaintiffs are subject to the penalty feature of the statute and, accordingly, we will not pass upon their obscurely presented equal protection argument, or their assertion that the penalty language of the statute is unconstitutionally vague, even if we believed such contentions possessed merit (Matter of Taylor v Sise, 33 NY2d 357, 362).

As to the remaining due process arguments, plaintiffs first urge that the term "pay toilet facilities" is so ambiguous that it cannot be determined what the statute prohibits. They suggest that questions are raised concerning the future propriety of exacting a charge for towels, soap, toilet paper, or

other supplies, as well as tips or fees for attendants, dressing booths, and related services. In addition, they ask whether the term is so broad that it means gas stations or other commercial establishments must allow completely unrestricted use of available toilets, and submit it might also disallow the practice of charging tenants rent, directly or indirectly, for the use of key operated bathroom facilities, maintained by the owner, which are commonly found in office buildings and like structures,

In answer, we note that it is not this court's function to question the wisdom of any particular legislative act, or to comment on the quality of its draftsmanship. We must adhere to established rules of construction and tests for constitutionality. In this setting, due process requires that a statute inform those subject to its terms of the nature of the prohibited conduct and what is required of them and, while it must do so unequivocally, the language used may be expressed in ordinary terms by words of common usage *(People v Byron,* 17 NY2d 64). Impossible standards are not required, and lack of precision is permissible so long as the prohibited practice is one commonly understood *(Miller v California,* 413 US 15; *Roth v United States,* 354 US 476). In our view, it is permissible to conclude that one commonly understands a "pay toilet" to mean, in its most literal sense, an immediate charge for the singular use of a closet for the discharge of human wastes. While the term "pay toilet facilities" can perhaps be said to contemplate a somewhat broader field of services for which immediate payment is required, thereby inviting future litigation over its scope, we nevertheless conclude that these plaintiffs have not overcome the strong presumption of constitutionality favoring a statute duly enacted by the Legislature and met their heavy burden of establishing unconstitutionality beyond a reasonable doubt *(Montgomery v Daniels,* 38 NY2d 41; *People v Broadie,* 37 NY2d 100; *People v Pagnotta,* 25 NY2d 333; *Fenster v Leary,* 20 NY2d 309).

In asserting that the law is not a valid exercise of the police power, plaintiffs do not seriously maintain that the subject of toilet accessibility is not of legitimate concern to the Legislature in promoting the health, safety, comfort and welfare of the public. Instead, they focus their complaint on the means adopted by the Legislature to carry out its will and insist that the statute bears no reasonable relation to its assumed object

of increasing such accessibility. The appropriate test is one of reasonableness *(People v Goodman,* 31 NY2d 262; *Matter of Tyson v Tyler,* 24 NY2d 671). While it is true that the presumption of legislative investigation and findings showing a basis for action *(Matter of Van Berkel v Power,* 16 NY2d 37) does not here apply because the record fails to disclose that any such studies were undertaken prior to passage of the questioned statute, we must still assume that some factual support exists therefor *(I.L.F.Y. Co. v Temporary State Housing Rent Comm.,* 10 NY2d 263, app dsmd 369 US 795) and, in any event, the presumption of constitutionality still obtains with plaintiffs' concurrent burden to prove the contrary beyond a reasonable doubt. Their "proof" is merely a supposition that the legislation will produce a result contrary from that intended. Rather than increase the public's accessibility to toilet facilities, they claim the prohibition against pay toilets will actually encourage the deterioration and closing of those facilities which have become subject to the purview of the statute. However accurate that prediction may be, it still represents nothing more than a comment on the wisdom of the Legislature and its shortsightedness in adopting the challenged enactment. Whether better means might have been selected, or whether this statute fails of its desired purpose, is of no concern to us in resolving this phase of the action and we are constrained to conclude that it represents a valid exercise of the police power *(Montgomery v Daniels, supra; People v Bunis,* 9 NY2d 1; *Defiance Milk Prods. Co. v Du Mond,* 309 NY 537).

As to plaintiffs' final contention that the statute deprives them of their property without due process of law, we can only state that our conclusion of its validity as an exercise of the police power forecloses this argument *(Whitmier & Ferris Co. v State of New York,* 20 NY2d 413; *New York State Thruway Auth. v Ashley Motor Court,* 10 NY2d 151). The authority relied upon by plaintiffs is clearly distinguishable since it involves the taking of property for a public use *(Lutheran Church in Amer. v City of New York,* 35 NY2d 121).

The judgment should be affirmed, without costs, and the preliminary injunction vacated.

KOREMAN, P. J., SWEENEY, MAHONEY and LARKIN, JJ., concur.

Judgment affirmed, without costs, and preliminary injunction vacated.