MODJESKA SIGN STUDIOS, INC., Appellant, v PETER A. A. BERLE, Individually and as Commissioner of the Department of Environmental Conservation of the State of New York, Respondent, and CHARLES A. DALE, JR., as President and on Behalf of the Outdoor Advertising Association of New York, Intervenor-Appellant.

Third Department, January 20, 1977

*Hancock, Estabrook, Ryan, Shove & Hust (Carl W. Peterson, Jr.,* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Stanley Fishman, Susan Marie Tatro* and *Ruth Kessler Toch* of counsel), for respondent.

*Jaeckle, Fleischmann & Mugel (Henry W. Killeen, III,* of counsel), for intervenor-appellant.

MAHONEY, J. Plaintiff is the owner of approximately 96 outdoor advertising signs over 95% of which are located within 660 feet of Federally-aided highways passing through the Catskill Park. Section 9-0305 of the Environmental Conversation Law prohibits the erection and/or maintenance of advertising signs and structures within the Catskill and Adirondack Parks without a written permit of the Department of Environmental Conservation but provides that all such signs within the Catskill Park as of May 26, 1969 may be continued without permit until January 1, 1976. All parties agree that all 96 of plaintiff's signs are ineligible for permits under rules promulgated by the department (6 NYCRR Part 195) and, accordingly, on January 1, 1976 were subject to removal.

Plaintiff commenced this action almost six years subsequent to the effective date of the predecessor to section 9-0305 and only two weeks before the date written permission from the department was a requisite to prevent sign removal. Thereafter, plaintiff moved for a preliminary injunction restraining the enforcement of section 9-0305 of the Environmental Con-

servation Law on the ground that it is unconstitutional, alleging, *inter alia,* that section 88 of the Highway Law requires payment of just compensation for the removal of signs located within 660 feet of Federally-aided roads. Defendant cross-moved for an order dismissing the complaint.

We turn first to plaintiff's contention that section 88 of the Highway Law requires payment of just compensation for the removal of all signs in the Catskill Park located within 660 feet of Federally-aided highways. While it is true that the Federal Highway Beautification Act of 1965 (US Code, tit 23, §§ 131, 136, 319) declared it to be a national policy that States should seek to establish control of outdoor advertising by prohibiting erection and maintenance of outdoor advertising in noncommercial areas, and, further, that any taking of such signs or structures by the States should result in the payment of compensation (US Code, tit 23, § 131, subd [g]), it is not true that compliance by the States was mandatory. In fact, the Beautification Act provides that if a State does not make legislative provisions for such control and payment, it shall lose 10% of the Federal highways funds which would otherwise be apportioned to such State. Therefore, since New York did enact section 88 of the Highway Law in response to the previously passed Beautification Act, the question posited is whether section 88 committed this State to a program of compensation for dismantled advertising signs, the Beautification Act and section 88 of the Highway Law being statutes *in pari materia,* or if New York by enacting section 9-0305 of the Environmental Conservation Law can, and, in fact, did choose a different legislative approach in providing an amortization period rather than payment of compensation. Posed differently, did this State by passing section 88 of the Highway Law mandating the payment of compensation for commercial sign discontinuance in the Catskill Park, in response to the Federal act, relinquish its right to act in the same area pursuant to its police powers? In our view, the State did not. While we find no New York case on point, the case of *Markham Advertising Co. v State* (73 Wn 2d 405, app dsmd 393 US 316) is remarkedly similar to the facts herein. In *Markham,* advertising companies challenged a State act providing for the regulation of outdoor signs, which act provided for amortization rather than compensation, on the ground that the Beautification Act of 1965 compelled the payment of compensation. In rejecting this contention the *Markham* court stated (p 419), "If

Congress had intended the provisions of 23 U.S.C. § 131 * * * to be mandatory on the states, there would have been no need to attach a monetary penalty to noncompliance." We agree.

A reading of section 9-0305 readily reveals an aesthetic purpose to conserve the natural beauty of the Catskill Park and to preserve and regulate the park for the public use and general welfare of the peoples of this State *(People v Goodman,* 31 NY2d 262). Since the thrust of the subject statute is the accomplishment of legitimate goals for public purposes, it is regulatory not prohibitory. It does not bar outdoor advertising. It requires a permit, thus insuring regulatory control of a State asset. That this type of outdoor sign regulation is a proper and valid exercise of the police power has ample support in the decisional law *(People v Goodman, supra; Whitmier & Ferris Co. v State of New York,* 20 NY2d 413; *Terrace Hotel Co. v State of New York,* 19 NY2d 526; *Matter of Cromwell v Ferrier,* 19 NY2d 263; *New York State Thruway Auth. v Ashley Motor Ct.,* 10 NY2d 151; *Rochester Poster Adv. Co. v Town of Brighton,* 49 AD2d 273). However, legislation whose legitimacy is measured against an aesthetic purpose must meet the test of reasonableness. That test, in turn, can be evaluated in the setting of its implementation. The Adirondack and Catskill State Parks are constitutionally protected preserves (NY Const, art XIV) wherein special material and cultural values exist which are deserving of preservation for future generations. Thus, objects, such as outdoor advertising structures, that offend the eye and detract from the natural beauty of the setting are legitimate targets of legislation requiring their removal providing the totality of the means employed is reasonable *(People v Goodman, supra).* Plaintiff's challenge to the means employed herein embodies the complaint that to take such structures without monetary compensation to alleviate all economic loss is an unconstitutional taking of private property in violation of the restraints of the Fifth and Fourteenth Amendments of the Federal Constitution and sections 6 and 7 of article I of the New York State Constitution. This contention is meritless.

The Court of Appeals has consistently held that the State need not pay *any* compensation where signs are regulated pursuant to the State's police power. In *New York State Thruway Auth. v Ashley Motor Ct. (supra,* p 157) it was held that the police power extends to all the great public needs and if the means employed to regulate existing offending signs are

reasonable, there can be no objection to their employment on the ground that "the rights of private property are thereby curtailed". Similarly, in *Whitmier & Ferris Co. v State of New York (supra)* our highest court stated that offending signs abutting the Thruway could be constitutionally removed without the payment of compensaion. As noted in both *Ashley Motor Ct.* and *Whitmier & Ferris,* billboards and advertising signs are of little value and small use unless great highways bring the traveling public within view of them, and their enhanced value when they are seen by large numbers of people was created by the State in the construction of the roads and not by the signs' owners. In this context, then, this court shall not balance the economic advantages between compensation and amortization, noting only that a reasonable period of amortization to enable one to recoup his investment has been held to be constitutionally valid *(Matter of Harbison v City of Buffalo,* 4 NY2d 553). It is enough to note that the State, despite the passage of section 88 of the Highway Law, is not compelled to appropriate outdoor advertising signs pursuant to that section and pay compensation to the sign owners. The State can and has elected to cause offending sign removal within the Catskill Park by employing its police powers in a manner that is reasonable and fair. Whatever economic value plaintiff's 96 signs have can largely be attributed to the natural beauty of the Catskill Park preserve that attracts motoring tourists and it was not unreasonable to require plaintiff to remove the nonqualifying signs over a period of six and one-half years to insure the continuity of priceless aesthetic values.

Plaintiff's contention that section 9-0305 of the Environmental Conservation Law is unconstitutional because it violates the First Amendment guarantee of free speech is without merit. Despite the extension of the First Amendment protections to include commercial speech *(Virginia Pharmacy Bd. v Virginia Consumer Council,* 425 US 748), regulation of the same has not been precluded. Regulatory enactments that advance legitimate governmental purposes and do not foreclose alternate channels of communicating the same information are not constitutionally infirm. Herein, section 9-0305 does not prohibit outdoor advertising signs within the Park; it regulates them so as to control ugliness, distractions and deterioration *(Matter of Cromwell v Ferrier,* 19 NY2d 263,

*supra)* which can result from the maintenance of offending signs. The same information can be conveyed to the public by newspaper, radio or television advertising.

Similarly, plaintiff's equal protection argument is meritless. As we said in *Matter of Greenburgh No. 11 Federation of Teachers, Local 1532, v Helsby* (41 AD2d 329, 331, app dsmd 33 NY2d 644), "[t]he Legislature may make classifications * * * without infringement of the equal protection guarantee, and its discretion in this regard is broad and will not be disturbed * * * provided only that it shall not be palpably arbitrary *(Matter of Dorn "HH" v. Lawrence "II"*, 31 NY2d 154 [app dsmd 409 US 1121])." Section 9-0305 seeks to regulate outdoor signs that offend aesthetic values. Such legislation is neither an improper classification of signs nor is it "palpably arbitrary".

Next, the legislation under attack is not violative of plaintiff's civil rights because it may deprive plaintiff of income from a lawfully established business. The police power is the "least limitable of the powers of government and * * * extends to all the great public needs" *(People v Nebbia,* 262 NY 259, 270, affd 291 US 502) and if the end desired and the means employed by the sovereign to attain those ends are reasonable, it is no objection that "the rights of private property are thereby curtailed." *(New York State Thruway Auth. v Ashley Motor Ct.,* 10 NY2d 151, 157, *supra.)* One of the distinguishing features of the police power is the preferment of the public interest over the private interest.

Having concluded that Special Term was correct in granting defendant's cross motion for a declaration that section 9-0305 is constitutional, the issues concerning the denial of the motions for a preliminary injunction and for intervention have been rendered moot.

The order and judgment should be affirmed, without costs. The appeal by proposed intervenor-plaintiff should be dismissed, as moot, without costs.

Koreman, P. J., Greenblott, Main and Herlihy, JJ., concur.

Order and judgment affirmed, without costs. Appeal by proposed intervenor-plaintiff dismissed, as moot, without costs.