OPINION OF THE COURT
Raymond Reisler, J.
Defendant Davan Executive Services, Inc. (hereinafter Davan) was on November 9, 1976 charged by corporate appearance ticket with operating an employment agency without a license, a violation of section 172 of the General Business Law.
The defendant now moves to dismiss and to suppress statements allegedly made by its president to an inspector of the Bureau of Consumer Affairs of the City of New York.
The motion to suppress is unfounded. Motions to suppress statements, as per CPL 710.20 (subd 3) relate only to those statements made by actual defendants. The defendant herein is Davan, and not its president.
Defendant bases its motion to dismiss upon four grounds. The first two are constitutional in nature: that there has been discriminatory enforcement of section 172 of the General *1022 Business Law in the issuance to defendant of the summons and that this statute violates due process in that it is void for vagueness.
Although intentional or purposeful discrimination in the administration of an otherwise nondiscriminatory law violates equal protection (People v Goodman, 31 NY2d 262), the conscious exercise of some selectivity in law enforcement is not in itself a constitutional violation (Oyler v Boles, 368 US 448). Mere unequal application of a statute does not violate equal protection (People v Acme Markets, 37 NY2d 326). The burden of showing conscious intentional discrimination lies squarely on the one who alleges discriminatory enforcement (People v Goodman, supra; People v Utica Daw’s Drug Co., 16 AD2d 12).
Here no valid basis of defendant’s allegation of discriminatory treatment is demonstrated. Defendant merely states that on a previous inspection 11 months earlier, no summons was served.- This fails to show the invidious discriminatory selectivity necessary to invoke equal protection. It would be necessary to show that the selectivity "was deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification” (Oyler v Boles, supra, p 456).
The defendant’s second ground is that section 172 of the General Business Law violates due process in that it is void for vagueness. It is argued that the definition of what constitutes an employment agency is so vague that it does not fairly apprise defendant of the necessity of procuring a license. However, a fair reading of the relevant statutes squarely rebuts this contention. Section 172 of the General Business Law provides that "No person shall open, keep, maintain, own, operate or carry on any employment agency” without having first procured the required license. Section 171 of the General Business Law in detail defines what constitutes an employment agency. As it relates to the instant case, section 171 (subd 2, par a) defines employment agency as meaning any person (including a corporation) "who, for a fee, procures or attempts to procure: (1) employment or engagements for persons seeking employment or engagements”. "Employment agency” also includes "any person who renders vocational guidance or counselling services and who charges a fee, all or any part of which is in consideration of such person procuring or attempting to procure employment or engagements for persons seeking employment or engagements” (General Business Law, § 171, subd 2, par c).
*1023 Defense counsel by its affirmation in support of the motion states that the function of Davan, in addition to providing mailing service, desk space and confidentiality for executives seeking to procure corporate positions is to provide resumé preparation services and mailing lists of all companies in the individual executive’s field.
Due process requires that a statute inform those subject to its terms of the nature of the prohibited conduct and what is required of them, and the language used may be expressed in ordinary terms by words of common usage (People v Byron, 17 NY2d 64). Impossible standards are not required, and lack of precision is permissible as long as the prohibited practice is one commonly understood (Miller v California, 413 US 15).
In Nik-O-Loc Co. v Carey (52 AD2d 375) the plaintiff sought to have declared unconstitutional section 399-a of the General Business Law (L 1975, ch 666). That section prohibits the operation of pay toilet facilities. The plaintiffs argued that section 399-a was void for vagueness because the term "pay toilet facilities” was so ambiguous that it could not be determined what the statute prohibited. Despite the fact that this term was not defined by statute, the court rejected plaintiffs’ argument. The court held that the term being one that is commonly understood, the statute provided fair notice of its intent and applicability. Further, the court cited Montgomery v Daniels (38 NY2d 41) and other cases as supporting the proposition that there is a strong presumption of constitutionality favoring a statute duly enacted by the Legislature.
 Here, the defendants have failed to meet their burden of overcoming this presumption. Although the lack of complete precision in statutory language does not automatically mean that requirements of due process have been offended (People v Newton, 73 Misc 2d 854), section 171 of the General Business Law has sufficient precision to apprise defendants of what constitutes an employment agency. The acts of providing appropriate corporate mailing lists and guidance in preparation of individual resumés appear to this court to be clearly within the realm of "vocational guidance” and "counselling services” (General Business Law, § 171, subd 2, par c). This court is further of the opinion that although the defendant’s approach to the procurement of executive employment varies from the usual agency practice, it is not so different as to be outside the pale of "employment agency” as it is commonly *1024 understood. (In connection herewith, see, Kaplowitz v University of Chicago, 387 F Supp 42, 46.)
For the above reasons, the defendant’s third ground for dismissal, to wit: that it is not an employment agency as defined by statute, is denied on the papers submitted. Defendant, of course, will have an opportunity to support its position by arguments and proofs more substantial than those contained in the moving papers.
The defendant’s fourth ground for dismissal is that it was exempt from the licensing requirement of section 172 of the General Business Law on the date the appearance ticket was issued by virtue of a prior inspection of its premises made on November 24, 1975. On that date an inspector of the Bureau of Consumer Affairs issued to defendant a certificate to the effect that the premises were inspected and that no action was then taken against defendant. The certificate states that "this certificate must be kept on these premises and available for inspection by an authorized representative of the Department of Consumer Affairs for a period of one year from date of issuance.”
It is defendant’s contention that this certificate exempted it from licensing requirements for a year from the date of issuance, and that its premises should not have been inspected on November 16, 1976. This argument is not supported in any way. The certificate appears to be no more than for the convenience of the Department of Consumer Affairs and does not on its face preclude inspection at any time, let alone exemption from licensing pursuant to section 172 of the General Business Law. The defendant, again, will have the opportunity upon trial of showing otherwise.
For the above reasons, the motion to dismiss and to suppress statements made by defendant corporation’s president is in all respects denied.