OPINION OF THE COURT
John J. Callahan, J.
The plaintiff has moved for counsel fees to respond to an appeal taken from an earlier decision of this court. The defendant seeks a declaration that section 238 of the Domestic Relations Law is unconstitutional.
*258 The parties were married on July 13, 1962 in Niagara County, New York. They entered into a separation agreement which was incorporated into a judgment of divorce granted on July 5, 1972 in the Commonwealth of Massachusetts. This has prompted numerous motions and procedures commenced by both parties.
In June of 1977, plaintiff moved pursuant to section 244 of the Domestic Relations Law for payment of alimony arrearages and counsel fees. We granted that motion and in so doing rejected the defendant’s claim that section 244 was unconstitutional. Defendant has appealed from that decision and the instant controversy ensued.
Since we have earlier determined that the plaintiff was entitled to counsel fees, it would be inconsistent to deny them at this juncture. (Roscini v Roscini, 45 AD2d 254; cf. also Klein v Klein, 53 AD2d 579.) Denial would permit a party to ignore its obligation to pay counsel fees merely by appealing from a judgment awarding them.
Defendant has made no showing of a change in circumstances of either party since the earlier motion. An award of counsel fees is not dependent on a party’s indigency but rather on all the circumstances involved (Resslhuber v Resslhuber, 57 AD2d 552) and a successful appellant will be entitled to counsel fees in any event. (Goldsmith v Goldsmith, 56 AD2d 834.) The plaintiff has previously shown a need for counsel fees. Therefore her motion must be granted unless, as defendant argues, the statutes permitting such an award are unconstitutional.
The defendant has attacked section 238 and implicitly section 237 of the Domestic Relations Law as discriminatory. The defendant bases his argument on decisions which hold that statutes which command dissimilar treatment for men and women who are similarly situated are unconstitutional (Frontiero v Richardson, 411 US 677; Weinberger v Wiesenfeld, 420 US 636; Califano v Goldfarb, 430 US 199; Craig v Boren, 429 US 190; Reed v Reed, 404 US 71). We agree with those decisions and that such statutes which command dissimilar treatment for those similarly situated are unconstitutional. The statutes in question do not require such treatment, however. In fact, when considered in light of decisions interpreting these, they prohibit such a result. Each section requires the court to have regard for all the circumstances of each party. Kover v Kover (29 NY2d 408) and Kay v Kay (37 *259 NY2d 632) set forth the criteria to be used in determining whether alimony and/or counsel fees shall be awarded. They require an inquiry into the resources of each party and their ability to provide for themselves prior to an award. Traditionally, it is the wife who has received the benefit of these statutes and the statutory language may seem to preclude an award to a husband who is in need. Courts have been willing to interpret provisions which appear to be restrictive so as to permit an award to male litigants (Thaler v Thaler, 89 Misc 2d 315, revd on other grounds 58 AD2d 890), and to uphold the constitutionality of statutes which may be so interpreted. (Carter v Carter, 58 AD2d 438.)
It is important, too, that the sections attacked do not require payment. They are permissive and addressed to the sound discretion of the court.
The defendant has failed to rebut the strong presumption of constitutionality of sections 237 and 238 of the Domestic Relations Law. (Frank v State of New York, 61 AD2d 466, affd 44 NY2d 687; Nik-O-Lok Co. v Carey, 52 AD2d 375, affd 40 NY2d 1089.) Therefore, his motion is denied.
The plaintiff’s motion for counsel fees to prosecute her appeal is granted and fixed in the sum of $1,500. The motion of the defendant is denied.