■ CITY OF ALBANY, Respondent, v DONNA LEE, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 25, 1980 in Albany County, upon a decision of the court at a Trial Term, without a jury. Defendant breeds and raises St. Bernard dogs at her home in a residential district within the City of Albany. The number of dogs which she maintains at any given time has varied between 6 and 12, with approximately one half of the dogs being housed indoors while the others are kept in dog runs constructed of chain-link fence in the rear yard. Following complaints by various residents in the neighborhood, the City of Albany brought this action to enjoin defendant from using her premises for the purpose of raising and keeping an excessive number of St. Bernard dogs. The trial court, while dismissing four causes of action set forth in the complaint, sustained so much of a fifth cause of action as alleged a violation of the city's zoning ordinance and enjoined defendant from housing more than three domestic animals on her property. This appeal by the defendant ensued. In its decision below, the trial court found that defendant had violated the following provisions of the zoning ordinance: "5.720 Animal Hospitals, Kennels and Pounds  No such use shall be located closer than three hundred (300) feet to any R-district, unless all animals are kept indoors. Adequate measures and controls shall be taken to prevent offensive noise and odor. * * * 6.470 Odors  No odors may be emitted which are easily detectable and offensive at the property line. * * * 6.490 Noise  Noise which constitutes a nuisance such as a high pitched squeal, buzz or hum or any similar sound on a continuous or sustained basis shall not be permitted beyond the property line." The city's complaint, however, does not specify which provisions of the zoning ordinance defendant is alleged to have violated. Instead, it merely accuses defendant of violating the ordinance by maintaining a kennel in her backyard. Since the pleadings in this action did not adequately apprise defendant that her conduct was allegedly violative of sections 6.470 and 6.490 of the zoning ordinance (see CPLR 3013), the trial court should not have considered those provisions. Having concluded that it was improper to rely on sections 6.470 and 6.490 to sustain plaintiff's cause of action, the judgment below can be upheld only if defendant violated section 5.720 as it pertains to kennels. Defendant argues that this provision is unconstitutionally void due to vagueness since the prohibited activity, i.e., operating a kennel, is not defined anywhere in the ordinance. We reject this argument. It seems plain to us that the ordinance is directed at more than the preservation of aesthetic qualities. Animal hospitals, kennels and pounds are organized businesses. Whether conducted

for profit or on a charitable basis, it would be a valid exercise of the zoning power to exclude all such activity from residential areas. The present ordinance allows these uses under certain conditions, but it seems obvious that it is primarily intended to impose reasonable limitations on specific ventures in residential surroundings. An individual might own or possess any number of animals without offending its terms so long as he or she did not engage in the activity of running a hospital, kennel or pound. Since the term "kennel" is commonly understood and defined to include the breeding and raising of dogs (Webster's Third New International Distionary), the ordinance is not unconstitutionally vague and the only difficulty which might be encountered lies in ascertaining whether, in a particular case, animals were kept for that purpose (Nick-O-Lok Co. v Carey, 52 AD2d 375, affd 40 NY2d 1089). Defendant's conduct was adequately established and there can be little factual question that she operated a kennel in a fashion which did not comply with the limitations of the ordinance. However, the number of dogs possessed at her residence is irrelevant to this conclusion and the injunction should be modified accordingly. We find no merit in defendant's remaining arguments. Judgment modified, on the law and the facts, without costs, by striking the decretal paragraphs thereof and substituting a provision enjoining the defendant from operating or maintaining a kennel at her premises at 89 Benson Street, Albany, New York, in violation of section 5.720 of the Zoning Ordinance of the City of Albany. Greenblott, Kane and Staley, Jr., JJ., concur.

Mahoney, P. J., and Sweeney, J., concur in part and dissent in part in the following memorandum by Mahoney, P. J. Mahoney, P. J. (concurring in part and dissenting in part). While we agree with that portion of the majority's analysis which limits the scope of this action to consideration of whether defendant's conduct violated section 5.720 of the city's zoning ordinance, that section is, in our view, unconstitutionally vague and thus the judgment entered below should be reversed. The trial court sought to overcome the failure of the ordinance to define a kennel by utilizing the word's dictionary definition of "an establishment for the breeding or boarding of dogs" (Webster's Third New International Dictionary). While dictionary definitions may be useful as guide posts in determining the sense with which a word was used, a court must, along with the lexicographers' definition, consider the legislative intent which may have led to the adoption of the ordinance (Caddy v Interborough R. T. Co., 195 NY 415, 420). In enacting section 5.720, the City of Albany was attempting to preserve the aesthetic qualities of residential areas by prohibiting various activities involving animals which might upset a neighborhood's tranquility by emitting odor and noise. It is equally clear, however, that certain types of animal ownership are consistent with section 5.720. A person who owned but a single dog would not be in violation of the ordinance, nor would the owner of an unlimited number of dogs who kept them all indoors. It thus seems apparent that as the number of animals kept outdoors by a person increases, a point will come at which the protection sought to be achieved by section 5.720 will be frustrated. The determination of that point is necessarily a legislative decision and the ordinance in this case is silent as to when that point is reached. This renders the provision dealing with kennels unconstitutionally vague since the citizens are not adequately warned of what will be considered prohibited conduct. Animal owners have a right to know in advance what activity is proscribed and should not be forced to act at their peril. Furthermore, the attempt by the trial court to restrict defendant to housing no more than three St. Bernard dogs must fail

since it is in reality nothing more than judicial legislation. The function of the courts is to interpret the law, not to make it, and it is not for the judiciary to correct errors, omissions or defects in legislation *(Meltzer v Koenigsberg,* 302 NY 523). The judgment should be reversed.