■ In the Matter of DONALD HOWELL, Doing Business as DON'S TAXI, Petitioner, v JOSEPH C. BENSON, as Commissioner of Public Safety for the City of Albany, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for licenses to operate taxicabs in the City of Albany. Between February, 1979 and October, 1980, petitioner made application with respondent for licenses to operate five taxicabs within the City of Albany. Following a hearing which was directed as a result of an earlier CPLR article 78 proceeding brought by petitioner, respondent denied the applications based on findings that petitioner had violated various provisions of the city's taxicab ordinance while his license applications were pending. Petitioner then commenced the instant proceeding whereby he challenges respondent's determination and seeks to have the city's taxicab ordinance declared unconstitutional. There is no merit to petitioner's argument that the denial of his application was arbitrary, capricious or unsupported by the record. Respondent found that petitioner: (1) operated taxicabs within the city without a license; (2) picked up fares within the city without a license; (3) failed to keep a log of fares brought into and out of the city by his drivers; (4) maintained and kept for hire taxicabs within the city without a license; and (5) solicited business within the city through advertising and encouraged area residents to believe that he was authorized to operate taxicabs within the city. While the evidentiary support on the fifth finding is weak, the first four findings justify respondent's denial of the license applications and are amply supported by facts stipulated to by petitioner's attorney during the administrative hearing. Petitioner also contends that his application could not be denied based upon past violations of the ordinance since the language of the taxicab ordinance does not specifically make such conduct a ground for denial. This argument is meritless in view of the provision in the taxicab ordinance which authorizes respondent to conduct an investigation of each applicant. Inherent in the power to conduct such an investigation for purposes of granting a license is the power to take reasonable steps to see that the applicant is a fit and proper person to engage in the licensed business (*Matter of Barton Trucking Corp. v O'Connell,* 7 NY2d 299,

307). It cannot seriously be argued that consideration of past ordinance violations during the application's pendency is improper when reviewing an applicant's request for a license. We, therefore, find no reason to disturb respondent's action in denying petitioner's applications. Petitioner also challenges the constitutionality of the City of Albany's taxicab ordinance. Although neither the city nor its legislative body responsible for enacting the ordinance has been made a party to this proceeding, which must be converted to a declaratory judgment action in order to reach the constitutional question (see *Matter of Devereaux v New York State Teachers' Retirement Bd.,* 75 AD2d 277, 281), we will consider the constitutional issue since respondent in this matter was represented by the city's corporation counsel and the matter has been briefed by both sides. We find unpersuasive the arguments advanced by petitioner that various phrases contained in the ordinance are vague and ambiguous or, alternatively, an impermissible delegation to respondent of legislative power[*] and conclude that petitioner has failed to rebut the heavy presumption in favor of the ordinance's constitutionality. Determination confirmed, and petition dismissed, without costs, and it is declared that the City of Albany taxicab ordinance is constitutional. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

---

* Among the sections of the ordinance attacked are those which: (1) allow unlicensed cabs to terminate trips within the city and acquire new fares "at or in the vicinity of the point of termination"; (2) require unlicensed cabs to keep "a log of all trips made into the City and back outside the City limits"; (3) require a license for any operator who wishes to "maintain, garage, store or keep for hire any taxicabs in the City of Albany"; (4) authorizes the safety commissioner to require of any applicant "such other information as the Commissioner may deem necessary"; and (5) reduced the number of licenses in the city from 200 to 180.