■ In the Matter of ALLIES BOULEVARD BOOKSTORE, INC., Appellant, v HERBERT COHEN et al., as Members of the Planning Commission of the City of Binghamton, et al., Respondents. — Appeal from an order and judgment of the Supreme Court at Special Term (Bryant, J.), entered February 5, 1982 in Broome County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of the Planning Commission and the Zoning Board of Appeals of the City of Binghamton. On April 1, 1981, petitioner was issued a certificate of occupancy and compliance to operate, as a retail establishment within a roadside business (RB) zone, a "general merchandise, book, card, magazine store". The certificate forbade any change of occupancy or use inconsistent with the above description. Shortly after the store opened, a building inspector discovered that petitioner had installed 32 coin-operated, individually occupied, "peep show" booths in an area encompassing 40% of the store's retail space. As a consequence, the inspector concluded that the store no longer qualified as a "retail business", but instead had taken on the character of a movie arcade. Such an arcade not being a principal permitted use within an RB zone, the inspector classified the store as an "indoor recreation facility, indoor theater", a permitted use. This new designation carried with it, however, the requirement that petitioner submit a development plan for the city planning commission's approval prior to being permitted to operate the facility. Petitioner submitted the plan under protest, presumably maintaining that the building continued in the "retail business" category. Like the inspector, the planning commission determined that the building was "an indoor recreational facility, indoor theater" and approved the development plan, but on condition that a stockade-type fence be installed to buffer petitioner's property from an adjoining residential district and that no sign be erected on the east side of the building. The zoning board of appeals affirmed the classification but, because of lack of jurisdiction, declined to entertain petitioner's request to allow a sign previously installed on the east side of the structure to remain. In the article 78 proceeding which followed, Special Term found neither the reclassification nor the sign restriction arbitrary, capricious, or unreasonable and dismissed the petition. Because an article 78 proceeding is an unsuitable vehicle for testing the constitutionality of legislation, we are not obliged to consider petitioner's

initial contention that the phrase "indoor recreation facility, indoor theater" is unconstitutionally vague (*Matter of Devereaux v New York State Teachers' Retirement Bd.,* 75 AD2d 277, mot for lv to app den 51 NY2d 705). And, ordinarily, converting this proceeding to a declaratory judgment action, pursuant to CPLR 103 (subd [b]), would be inappropriate for the City of Binghamton is a necessary party to any such action, and it has not been properly served (CPLR 311, subd 3; *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 458). However, because respondents have been represented throughout this matter by the city's corporation counsel and the issues have been briefed by both sides, we have entertained petitioner's vagueness claim (*Matter of Howell v Benson,* 90 AD2d 903) and reject it for the reasons expressed by Special Term (see *City of Albany v Lee,* 76 AD2d 978, affd 53 NY2d 633). Inasmuch as the classification and sign decisions of the planning commission and the zoning board of appeals were rationally based, we affirm. Reclassification of the building was prompted by petitioner's own failure to adhere to the uses delineated in the certificate of occupancy. Respondents reasonably concluded that devotion of 40% of the building's floor space to "peep show" stalls manifested that petitioner's operation was no longer a "retail business". Although "indoor recreation facility, indoor theater" is undefined in the ordinance, respondents judiciously interpreted that phrase. In doing so, they, with their special expertise in the administration of the zoning laws, relied upon their common-sense understanding of the term; their interpretation, unless clearly contrary to law, must be respected (*City of Syracuse v Hueber,* 52 AD2d 341, 344). Similarly, the restriction on signs was well within the authority of the planning commission. Section 703 of the Binghamton Code specifically states that "the display of signs" is a factor to be taken into account when passing on a proposed development plan. Regulation of outdoor signs for aesthetic purposes is a valid municipal function (*Suffolk Outdoor Adv. Co. v Hulse,* 43 NY2d 483, 489; *Matter of Cromwell v Ferrier,* 19 NY2d 263). Since the planning commission's decision was reasonable and there is an adequate basis in the record for that decision, we find it acted fairly and prudently. Order and judgment affirmed, with costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.