■ In the Matter of DONNA LEE, Petitioner, v ZONING BOARD OF APPEALS OF THE TOWN OF BETHLEHEM et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondents which denied petitioner's application for a special use permit.

In the spring of 1982, petitioner, whose avocation of raising St. Bernard show dogs had previously generated considerable conflict with City of Albany zoning officials (see, *City of Albany v Lee,* 76 AD2d 978, *affd* 53 NY2d 633), purchased a home in the Town of Bethlehem, Albany County. The premises were located in an area zoned for commercial use. Petitioner soon encountered similar problems in the town where a zoning ordinance required her to obtain a special use permit from respondent Zoning Board of Appeals (Board) to harbor more than two dogs on her property.

Petitioner's June 1982 application for permission to maintain 10 dogs resulted in a prompt public hearing at which a married couple, who resided across the street from petitioner, and a veterinarian, who practiced one quarter of a mile away from petitioner, vigorously opposed her application. To their concerns for noise and hygiene, the Board also added the instability of petitioner's portable kennels as reasons for denying the application.

In April 1983, petitioner applied again for a special use permit. Because there was a criminal complaint pending against her at that time for housing more than two dogs, the Board refused to act on her application until the criminal action was resolved. In February 1984, petitioner obtained a court order pursuant to CPLR article 78 compelling the Board to address the merits of her request. However, an appeal from that order by the Board forestalled any action until July 1984 when this court dismissed that appeal as abandoned.

Four months later, the Board held two public hearings on petitioner's application. At those hearings, friends of petitioner from nearby localities, including a dog control officer, uniformly attested to the meticulous care petitioner lavished upon her dogs, how well behaved they were, and their quiet and docile nature. Petitioner in turn explained in detail her

plans for tending and accommodating them and her nearest neighbor wholeheartedly indorsed petitioner's application.

Speaking through an attorney, the owners of a 90-acre undeveloped tract of land, zoned residential and adjacent to petitioner's land, opposed granting a special use permit. Their attorney, who had once driven past petitioner's home but had not even observed any dogs, baldly asserted that the noise, odor and the possibility that the dogs might escape from the premises would significantly interfere with his clients' intended subdivision of their land into residences. It is noteworthy that a ravine and creek separate that tract from petitioner's property and the nearest structures proposed to be built thereon would be at least several hundred feet from petitioner's property line. The only other unfavorable testimony came from the town's two dog control officers, who recalled two 1982 complaints that petitioner's dogs barked and the 1983 conflict over the premises of more than two dogs at her home.

In denying petitioner's application, the Board adverted to the prospect of undue noise, unsanitary conditions and unstable kennels as being detrimental to the orderly development of the adjacent residential district. Petitioner challenged that determination by the instant CPLR article 78 proceeding.

We find the Board's determination deficient. It is an established principle that "the denial of a special permit may not be based upon general objections or conclusory findings without evidentiary support in the record" (*Matter of Sullivan v Town Bd.*, 102 AD2d 113, 115, *appeal dismissed* 63 NY2d 952). But that is precisely what occurred here. The record discloses no justification for the Board's concern for excessive noise or health hazards, or for its disapproval of petitioner's use of a 300-pound "portable" kennel for each dog. What does seem apparent is that the decision rests not on the reasons advanced—for the facts do not support them—but on speculation and petitioner's controversial past history. Although the evidence requires that petitioner be granted a special use permit, it is appropriate, as petitioner has acknowledged throughout, that the Board, as it has done in similar proceedings in the past, impose reasonable conditions on her permit. We remit for that purpose.

Determination annulled, without costs, petition granted and matter remitted to respondent Zoning Board of Appeals of the Town of Bethlehem with directions to issue petitioner a special use permit on such reasonable conditions and safeguards as the Board may deem advisable. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.