Requestor: William P. Schmitt, Esq., Village Attorney Village of Clinton 185 Genesee Street, Suite 1220 Utica, N.Y. 13501-2109
Written by: Joseph Koczaja, Assistant Attorney General
You have asked whether the Village of Clinton may adopt a local law or ordinance requiring local businesses such as retail convenience stores, pizza parlors and private snowplowing services to cease their business operations from 2:00 a.m. to 6:00 a.m. The proposed local law is in response to complaints about the noise, light and traffic generated by these businesses.
Under the State Constitution, local governments, including villages, are authorized to adopt local laws relating to the health, safety and well-being of persons or property in the local government. N.Y. Const, Art IX § 2(c)(ii)(10); see also, Municipal Home Rule Law §10(1)(ii)(a)(12).
There are, however, limitations on this delegation of police power to local governments. A municipality may not adopt local laws: (1) which are inconsistent with the State Constitution or general State laws (NY Const, Art IX § 2[c]; Municipal Home Rule Law § 10[1][ii];Consolidated Edison v Town of Red Hook, 60 N.Y.2d 99 [1983]); or (2) where the Legislature has expressed an intent to preempt local legislation in respect to a given subject (Consolidated Edison v Town ofRed Hook, supra; People v De Jesus, 54 N.Y.2d 465 [1981]; Dougal v Countyof Suffolk, 102 A.D.2d 531, 532-533 [1984]; affd on opn below,65 N.Y.2d 668 [1985]).
It is clear that the proposed local law, seeking to close various businesses, including convenience stores, pizza parlors and independent contractors such as snowplow operators for four hours a day, is an exercise of local police power. The exercise of the police power is limited by the requirement that it be reasonable. People v Goodman,31 N.Y.2d 262 (1972). The proposed local law must serve a legitimate public purpose by protecting the public health, safety and well-being of persons and property in the county. Ibid.; French Inv. Company v City ofNew York, 39 N.Y.2d 587, cert denied, 429 U.S. 990 (1976). However, laws which arbitrarily and unreasonably regulate the hours of private businesses conducted in a reasonable manner under the guise of promoting the general welfare cannot be justified as an exercise of municipal police power. Trio Distr. Corp. v City of Albany, 2 N.Y.2d 690 (1957),revg, 2 A.D.2d 326 (1956); Cowan v City of Buffalo, 247 A.D. 591, 593
(1936); 12 N.Y. Jur 2d, Business and Occupations, § 11.
It appears that the proposed local law is an unreasonable exercise of police power. A court might reasonably find that the portion of your proposed law prohibiting snowplows from operating between 2:00 a.m. and 6:00 a.m. is contrary to the public health and general welfare of those citizens who need their private drives cleared of snow in order, e.g., to seek or provide medical assistance or drive to their places of employment. While it is within the province of the local legislature to balance the competing interests of the community, local laws enacted to rectify known wrongs have been ruled unconstitutional by the courts where the laws punished behavior which was proper and unexceptionable. See,People v Bunis, 9 N.Y.2d 1, 5 (1960). With respect to the other businesses affected, we believe that the proposed local law is unnecessarily broad. If a local law is unduly oppressive to achieve a stated objective, the local law will not stand since a local government is not permitted to "use a cannon to kill a butterfly". Matter of Tyson,Inc. v Tyler, 24 N.Y.2d 671, 674 (1969). In contrast to the overly broad remedy in your proposed law, your local objectives could be promoted through less onerous means such as local laws specifically regulating the degree of noise and light deemed permissible.
In addition, the regulation of some of the businesses you mention in your letter seems to be preempted by State law. Convenience stores and pizza parlors may sell beer and wine coolers. The proposed local law, as you point out, raises concerns relative to the State's preemption of the sale of alcoholic beverages.
The State, through the Alcoholic Beverage Control Law, has preempted the field of the regulation of establishments which sell alcoholic beverages because the regulatory system is both "comprehensive and detailed".People v De Jesus, 54 N.Y.2d 465, 469, supra. In De Jesus, the Court of Appeals held that a local ordinance prohibiting persons from patronizing an establishment selling alcoholic beverages after 2:00 a.m. was preempted by the State law because "by prohibiting persons from patronizing such establishments at times when State law would permit them to do so, the local law, in direct opposition to the pre-emptive scheme, would render illegal what is specifically allowed by State law." Id., at 472.
Even if the local legislation is founded upon a legitimate exercise of local police power and does not explicitly regulate the sale of alcohol as did the ordinance in De Jesus, Matter of Lansdown Entertainment Corp.v New York City Dept. of Consumer Affairs, 74 N.Y.2d 761, 763 (1989), held that a local law concerning the hours of operation of a business which sells alcohol is still, nevertheless, preempted by State law. Like the proposed law here, the local law deemed invalid in Lansdown was intended to maintain the peace, comfort and decency of neighborhoods by controlling noise and traffic.
A local law would not be preempted where it is tailored to ensure that its impact upon the preempted field is merely incidental. Id. at 763-764. "For example, laws `requiring smoke alarms in all business premises, or . . . forbidding dumping of refuse on city sidewalks, or . . . prohibiting disorderliness at any place of public resort' would not be preempted." Id. at 763, quoting People v De Jesus, 54 N.Y.2d at 471,supra. However, none of the examples of valid local laws of general application given by the Court of Appeals include laws entailing the further restriction of hours when beer or other alcohol can be sold, whether for on-premises consumption or at the take-out retail level. The hours regulating both types of these sales for beer are determined by the State Alcoholic Beverage Control Law. Alcoholic Beverage Control Law, §§ 105-a, 106(5).
Moreover, the State's statutory structure imposes its own direct controls at the local level by creating local alcoholic beverage control boards which can further restrict the hours when alcoholic beverages, including beer, may be sold at retail. Alcoholic Beverage Control Law § 43(3). The "local board" in this regard means only a county alcoholic beverage control law. Id., § 3(16). Thus, a village or other municipality, may not legislate additional regulations contrary to the standards adopted by the State or its local county. Blumfield v Town of Ramapo, 30 Misc.2d 678
(1961); 1975 Op State Compt 729.
In view of the fact that the village could promote its local objectives through other regulations that are not an unnecessary and unreasonable exercise of its police power, and that do not intrude on the State preempted field of the sale of alcoholic beverages, we conclude that the village does not have the authority to enact the local law you propose.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.