ANDY'S TAXI SERVICE, INC., Appellant, v. LAWRENCE'S TAXI SERVICE et al., Respondents.

Third Department, December 28, 1954.

*Robert E. Goldstein* for appellant.

*Walter Bliss, Warner M. Bouck* and *Francis J. Holloway* for respondents.

BERGAN, J. Plaintiff is a motor carrier holding an Interstate Commerce certificate authorizing it to operate vehicles for public convenience between New York City and four specified towns in the Catskill area. The complaint seeks an injunction restraining defendants from operating " any bus line or motor vehicles * * * upon the routes " used by plaintiff.

At the trial the case turned on the question whether defendants were operating " taxicab service " or an " omnibus line " within the definition of subdivision 28 of section 2 of the Public Service Law, which defines an " omnibus line " as motor vehicles operated for public convenience " usually along the same route or between stated termini, or on a fixed or stated schedule, carrying passengers for hire ". The statute expressly excludes from the definition vehicles operated " in what is commonly known " as " taxicab service " unless it is " regular service between stated termini ".

Since the omnibus line definition includes the factors that operation is " usually along the same route " or " between stated termini ", it would seem germane to an examination into the exception in favor of taxicab service whether in the purported " regular service between stated termini " the operation was " usually along the same route ", or between " stated termini ", or on a " fixed stated schedule ".

The proof here is that defendants advertised a " taxi service " with daily trips " to all points in the Catskill Mountains " and a " door to door service ". Defendants' taxicabs picked up passengers at their homes or specific places designated by the passengers in New York City and drove them to the resort hotel or boarding house in the Catskill Mountain area also designated by the passenger; and provided similar service in the other direction.

No special route was followed; there was no fixed or stated schedule except that service from the resort area was usually ordered and provided following meal periods at hotels. The origin of the specific service to a home or a hotel or elsewhere was individual phone calls.

There were no " stated termini ". Although plaintiff argues that the whole City of New York is one terminal and the whole County of Greene is another terminal, still the context in which the words " stated termini " are used in this statute, closely linked as they are to the words " along the same route " or on a " fixed schedule " suggest that here " termini " means something more localized than a great city on one side and a large mountain area on the other as applied to an operation whose service is particularized on the call of customers in numerous places within the large geographic units.

Plaintiff argues from an exhibit that all defendants' passengers came from or went to New York, but the exhibit is open to other interpretations in this respect and in respect of other inferences that plaintiff would draw from it.

Although there are some elements in defendants' operation which, if considered alone, suggest omnibus operation, the facts of the operation viewed as a whole and in the light of the findings made after the trial do not reach the point where under the criteria of the statute the court was bound to say that defendants operate an omnibus line.

In a debatable field of business competition the injunctive process should be employed sparingly; and the Official Referee was right, we think, in declining to interfere by injunction with the defendants' operations on the suit of the plaintiff competitor on the facts shown by this record. There is proof that plaintiff has called the defendants' operations to the attention of the Public Service Commission and that the commission has not acted.

The field of public service competition into which this controversy falls is one which, as a matter of public policy, is delegated to a regulatory agency and the subject matter lies within the competency of the agency. The court will not usually feel required to adjudicate the dispute in such a case where matters of public convenience lie in close balance with competitive efforts to serve that convenience; and it certainly is not required to do so by the injunctive process under the facts shown in this record.

The judgment should be affirmed, with costs.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Judgment affirmed, with costs.