Donald S. Taylor, J.
Petitioners are transportation corporations which operate certificated omnibus lines between Haverstraw and West Haver straw, villages located in the County of Rockland, and New York City or between such villages and Tarrytown, New York. In this article 78 proceeding they seek an order annulling a determination of the respondent commission, made after a hearing, which construed the operations of the respondent Zeh to have been authorized by a contract carrier permit previously issued to him as an incidence of his operation of an omnibus line between Haverstraw and Spring Valley pursuant to a certificate of public convenience and necessity issued by the respondent commission. Their petition alleges that it “ has misinterpreted, misconstrued, or misapplied ” the Public Service Law and its own definition of “ chartered party ”. In effect, they contend that the determination of the respondent commission was arbitrary in a legal sense. The proceeding presents no factual issue.
*911 Article 10 of the Public Service Law, effective September 1, 1955, was added by chapter 633 of the Laws of 1955 and relates to contract carriers of passengers by motor vehicles. Subdivision 2 of section 164 thereof provides as follows: “ Any omnibus corporation operating an omnibus line pursuant to certificate of public convenience and necessity issued by the commission should be granted a permit upon application therefor, without a hearing and without notice of the granting thereof, authorizing it to transport special or chartered parties to all points in the state under such rules and regulations as the commission shall prescribe.” At the same time subdivision 28 of section 2 of the same law which defines the term “ omnibus line ” to mean a motor vehicle or motor vehicles “ operated for the use and convenience of the public, usually along the same route or between stated termini, or on a fixed or stated schedule, carrying passengers for hire ” was amended to exclude from that term motor vehicles 1 ‘ used solely for the transportation of a group for a common purpose under special contract or agreement and for which a permit has been issued pursuant to article ten of this chapter.” A “contract carrier of passengers by motor vehicle ” is one who “ engages in the transportation by motor vehicle of passengers for compensation, other than in the operation of an omnibus line as defined in subdivision twenty-eight of section two of this chapter.” (§ 2, subd. 32.) In a proceeding initiated pursuant to its rule-making power, respondent commission implemented the statute by defining the term “ chartered party ” as used in subdivision 2 of section 164 as follows: “ (h) ‘ Chartered party ’ — a group of persons who, pursuant to a common purpose and under a single contract and at a fixed charge for the vehicle, have acquired the exclusive use of a passenger-carrying motor vehicle to travel together as a group to a specified destination or for a particular itinerary, either agreed upon in advance or modified by the chartered group after having left the place of origin.” (N. Y. Off. Comp, of Codes, Rules & Regulations [12th Supp.], p. 811.)
Petitioners principally contend that the bus services of respondent Zeh between the Villages of Haverstraw, West Haverstraw and New York City and between those villages and Tarrytown, instituted at the instance of commuters living in the Haverstraw area who had used the West Shore Division of the New York Central Railroad until the discontinuance of its ferry service between Weehawken, New Jersey and New York City which, for practical purposes, eliminated the railroad as a feasible commutation service for their needs, are those of an omnibus line as defined in subdivision 28 of section 2 of the *912 Public Service Law and not those of a “ Chartered party ’ ’ permitted as an incident to his operation of an omnibus line. They argue that Zeh’s daily transportation service is open to the general public since membership in the so-called commuter clubs is essentially unrestricted, is operated along the same route between stated termini, on a fixed schedule and carries passengers for compensation at an agreed charge per individual rider rather than at a set sum per bus per month.
The commission’s decision states: “ The bus transportation services to New York City and Tarrytown, as provided by Zeh, are charter operations originating from regular route points traversed by Zeh’s certificated route and falling within the scope of his incidental permit as a contract carrier of passengers by motor vehicle, which authorizes him to transport charter and special parties. Consequently, such operations may be continued without further permission from this Commission.” In its subsequent memorandum decision which denied a rehearing, it explained the rationale of its determination as follows: “ It is clear from the record herein that each month each of the commuter groups has contracted for the exclusive use of one of Zeh’s omnibuses at a fixed amount per month paid in advance. Although there is some variation in the amount paid to Zeh per month, each month the amount is fixed in advance and the members of the commuter groups pay their assessments for the month without regard to the number of times they ride. The operation conducted by Zeh under such circumstances comes within the above [quoted] definition of chartered party.”
It is true that the operations of the respondent Zeh have many features of an omnibus line. However, the Legislature has left to the commission, the agency administering the Public Service Law, the task of determining when a given bus transportation service is an omnibus line operation within the statute and when it falls in the class of “ Chartered party ” service. Both services necessarily have overlapping transportation characteristics which often defy precise categorical demarcation. The Legislature, by its enactments of 1955 which brought chartered transportation service within the regulatory orbit for the first time, intended to cloak the commission with flexible discretion to determine each ease in its own peculiar factual setting.
In this context the courts have but a limited part to perform in reviewing the commission’s conclusion that Zeh’s operations were within the definition of a contract carrier of passengers rather than that of an omnibus line. “ [T]he test to be applied by courts in reviewing this determination would seem to be that expressed in Matter of Mounting & Finishing Co. v. McGoldrick *913 (294 N. Y. 104, 108): ‘ Of course, statutory construction is the function of the courts ‘ ‘ hut where the question is one of application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court’s function is limited” (Board v. Hearst Publications, 322 U. S. 111, 131). The administrative determination is to be accepted by the courts “if it has ‘ warrant in the record ’ and a reasonable basis is law ” (same citation). “ The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ’ ’ (Rochester Tel. Corp. v. U. S., 307 U. S. 125, 146).’ ” {Matter of Recreation Lines v. Public Serv. Comm., 7 A D 2d 20, 22-23, motion for leave to appeal denied 7 A D 2d 952; see, also, Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75.)
Applying these tests to the case at bar, there is justification in the record for the commission’s determination. Moreover, its practical construction of the statute in a similar direction since the enactment of article 10 is entitled to considerable weight. {Ferraiolo v. O’Dwyer, 302 N. Y. 371, 376, motion for reargument denied 302 N. Y. 841.)
Petitioners’ further contentions are without merit. The commission has found that the operations of Zeh were those of a contract carrier which ipso facto constitutes a concomitant finding that they were not those of an omnibus line. There is no legal reason to remand the proceeding to it on the basis that appropriate findings of fact were not made. When the disputed service is found to be that of a contract carrier, which is the case here, the provisions of section 66 of the Transportation Corporations Law are not applicable. {Matter of Recreation Lines v. Public Serv. Comm., supra.) The respondent commission’s determination that the commuters carried by Zeh are, within the contemplation of the statute and its own definition, ‘ ‘ a group for a common purpose ” — to obtain transportation to and from work — is not unreasonable. Nor does the record demonstrate that its interpretation of the contract carrier provisions of the Public Service Law is inconsistent with the policy of the State declared in section 160 thereof.
Finally, the eases relied on by petitioners predate the enactment of the pertinent statute (art. 10) and must be read in the light of its provisions. Hence, they are not controlling here. {Matter of Recreation Lines v. Public Serv. Comm., supra.)
Accordingly, the respondent commission’s determination is confirmed and the proceeding is dismissed on tbe merits, without costs. Submit order.