## THIRD DEPARTMENT, JUNE, 1978

### (June 1, 1978)

■ In the Matter of ELMSFORD TRANSPORTATION CORP., Petitioner, v RAYMOND T. SCHULER, as Commissioner of the Department of Transportation, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Department of Transportation which denied petitioner an exemption from the Transportation Law as an operator of a taxicab service. Petitioner is a corporation supplying various types of transportation services to the general public from its headquarters in Westchester County. Many of its activities are subject to regulation by the Department of Transportation and, in the course of proceedings relating to its authority as a contract carrier of passengers, petitioner asserted that a portion of its operations constituted a taxicab service exempt from such control. Primarily at issue was petitioner's use of 11 passenger vans between points in Westchester County and airports in New York City (La Guardia and John F. Kennedy). Following lengthy hearings, the respondent Commissioner of Transportation concluded, among other things, that petitioner's endeavors in that respect did not amount to taxicab service. The instant article 78 proceeding, limited to an attack on that determination, ensued. Article 9 of the Transportation Law invests the respondent with broad power to regulate and supervise a contract carrier of passengers by motor vehicle (Transportation Law, §§ 200-209) which is defined as meaning "a person or corporation who or which engages in the transportation by motor vehicle of passengers for compensation, other than in the operation of a bus line" (Transportation Law, § 2, subd 22). However, that term does not include "motor vehicles operated in what is commonly known as taxicab service, unless such service becomes, or is held out to be regular service between stated points, localities, areas or territories not wholly within a municipality" (Transportation Law, § 2, subd 22, par [b]). Although no regulation pertaining to the size of vehicles employed has ever

been promulgated, respondent has developed a long-standing policy, based on a series of administrative rulings, to the effect that taxicab service connotes the use of equipment with a seating capacity of no more than eight passengers. Petitioner insists that there is no warrant for this policy and argues that present day business trends in the taxi business demonstrate an increasing reliance on larger vehicles. It is well settled, however, that the construction placed upon statutes by the agency charged with their administration, if not irrational or unreasonable, should be upheld (see *Matter of Howard v Wyman*, 28 NY2d 434, 438), and it is also firmly established that the burden of showing entitlement to an exemption from a statute rests on the party claiming its benefit (see *Matter of Grace v New York State Tax Comm.*, 37 NY2d 193). With these principles in mind, it is readily apparent that petitioner's contentions lack merit. We are not particularly impressed by the origins of respondent's capacity policy or the length of time it has survived without challenge, but the record demonstrates, contrary to petitioner's view, that it was not blindly followed in this instance. Evidence of changing business practices was entertained and we certainly cannot say that vehicle size has nothing to do with what is commonly thought of when referring to taxicab service. Moreover, the record discloses that vehicle capacity was only one of the factors respondent considered in arriving at his ultimate conclusion that petitioner's activities were not those of a taxicab service. In any event, the method of petitioner's operation, the frequency of its airport service, and the manner of its advertising all support respondent's alternative finding that petitioner had become or held itself out as a provider of regular service between extra municipal points. Accordingly, the determination should be confirmed and the petition dismissed. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.