■ In the Matter of the Claim of BETTY E. FRYE, as Executrix of NORMAN E. FRYE, Deceased, Respondent, v J. D. COUSINS & SONS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 14, 1977, which affirmed an award to claimant as executrix of the estate of Norman E. Frye for nonoccupational disability during the period from August 31, 1976 to the date of his death, February 17, 1977, less waiting period. The sole issue on this appeal is whether the board properly made an award of disability benefits under section 236 of the Workers' Compensation Law. The claimant's husband, Norman Frye, worked for J. D. Cousins & Sons, Inc., as a machinist since 1959. He commenced a three-week paid vacation on July 22, 1976 and returned to work on Augst 7. He worked four days and was absent thereafter for two weeks because of chronic pulmonary disease. He returned to work on August 30 but, because of the reoccurrence of his illness, ceased working on August 31, 1976. Mr. Frye filed a claim for nonoccupational disability on September 8, 1976. The appellant carrier rejected his claim for nonoccupational disability on the ground that he "did not have 4 consecutive weeks of employment immediately prior to disability" as required by section 203 of the Workers' Compensation Law. Mr. Frye requested a review of this decision. He died on February 17, 1977 before a hearing was held. In a hearing on March 1, 1977, the referee held that Mr. Frye was entitled to disability benefits from August 31, 1976 and ending on the date of his death less the waiting period. The board upheld the referee's award but restored the case to the referee calendar for findings as to the proper payee who was subsequently determined to be Mrs. Frye. The appellants contend that claimant was not entitled to benefits and that, having died before his eligibility was established, his right to recovery was extinguished. We disagree. Under the law, an employee retains his eligibility for disability for a period of four weeks after his employment with a covered employer terminates (Workers' Compensation Law, § 203). Termination of employment occurs on the last day an employee performs services of an employer unless the employee commences a paid vacation on such day (Workers' Compensation Law, § 201, subd 7). The record of the employer indicated that Mr. Frye last worked on August 10. His disability commenced on September 1. He was, therefore, within the time frame for eligibility for disability benefits. Section 236 of the Workers' Compensation Law reads, in pertinent part, as follows: "If any benefits *due* under this article to an employee are unpaid at the time of his death, such benefits shall be payable to the estate of the individual or, at the option of the carrier, may be paid to the surviving spouse, parent, child or children of the deceased employee." (Emphasis supplied.) The word "due" is defined in Black's Law Dictionary [rev 4th ed] as "that which law or justice requires to be paid or done". The mere fact that the carrier refused to pay Mr. Frye and controverted his claim does not alter the fact that payment was, in fact, due to him when he made claim for it. The Workers' Compensation Board so construed the word "due". The interpretation is rational and should therefore not be disturbed *(Matter of Elmsford Transp. Corp. v Schuler,* 63 AD2d 1036). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.