In the Matter of TONIANN'S LIMOUSINE SERVICE, LTD., et al., Petitioners, v NEW YORK STATE DEPARTMENT OF TRANS- PORTATION et al., Respondents.

Third Department, November 25, 1987

APPEARANCES OF COUNSEL

*Curt Rogg-Meltzer* for petitioners.

*Darrell W. Harp (Leona D. Jochnowitz* of counsel), for respondents.

## OPINION OF THE COURT

WEISS, J.

Petitioner Toniann's Limousine Service, Ltd. (hereinafter Toniann's) holds a certificate of public convenience and necessity issued December 5, 1984 by respondent Department of Transportation (DOT), which permits the operation of commuter van service in vehicles seating not more than 20 passengers between specific areas entirely within New York City. Toniann's also holds a permit issued the same date to operate vehicles seating not more than 20 passengers as a contract carrier of chartered and special parties. Petitioner Manti's Transportation, Inc. (hereinafter Manti's) was issued a certificate of public convenience and necessity by DOT on March 27, 1985 to operate as a common carrier within New York City using motor vehicles seating no more than 20 passengers. On March 6, 1985, Toniann's filed an application to extend its certificate to authorize the use of vehicles seating 30 passengers and to increase the territorial scope of its service. Manti's also applied to extend its certificate to permit the use of vehicles seating 25 passengers. Following a hearing, Toniann's was granted permission to serve an enlarged territory but was denied the use of larger vehicles. DOT also denied Manti's application to use vehicles seating 25 passengers. Upon reconsideration by a different Administrative Law Judge, DOT adhered to its determinations, giving rise to this CPLR article 78 proceeding.

DOT has exclusive jurisdiction over the regulation of common carriers of motor vehicles that provide operations on a prearranged basis over nonspecific or irregular routes within a city (Transportation Law § 80 [4]). However, in any city having a population of over one million, DOT does not have jurisdiction over the regulation of any van service operated wholly within the boundaries of such city when such city has adopted an ordinance, regulation or charter to regulate or franchise such operations (Transportation Law § 80 [5], as added by L 1983, ch 635, § 2, eff Jan. 1, 1984). Although New York City has adopted regulations for bus lines operating entirely within the city, it has apparently not adopted any regulations for van

services and thus jurisdiction over petitioners in this proceeding remained with DOT.

"Van service" is defined as follows: " 'Van service' is a subclassification of common carrier of passengers by motor vehicle that provides service on a prearranged regular daily basis between a zone in a residential neighborhood and a location which shall be a work related central location, a mass transit or mass transportation facility, a shopping center or recreational facility, but shall not include service to or from an airport. Such service is usually characterized by the use of vehicles having a seating capacity of twenty passengers or less" (Transportation Law § 2 [35], as added by L 1983, ch 635, § 1, eff Jan. 1, 1984). DOT contends that it has historically considered a vehicle seating over 20 passengers as a bus and one with capacity of 20 or less as a van, unless unique circumstances are shown by an applicant *(see, Application of Ambassador Express Tours,* DOT Case No. 30374; *compare, Application of Mishiev,* DOT case No. 30136 [15-passenger vehicle held to be a bus line because the nature of service involved other criteria indicative of a bus line]). DOT based its determination not only upon the limitation of size and number of passenger seats but, in addition, upon the likelihood that larger capacity vehicles would begin to take on characteristics of a bus line with multiple stops and extended routing. It is well settled that, "[w]here the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices * * * the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld" *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459, citing *Matter of Howard v Wyman,* 28 NY2d 434; *see, Matter of Elmsford Transp. Corp. v Schuler,* 63 AD2d 1036, 1037; *Matter of Recreation Lines v Public Serv. Commn.,* 7 AD2d 20, 22-23, *lv denied* 7 AD2d 952). Upon this record, we cannot say that DOT's determination was irrational or unreasonable in view of the need to distinguish between bus lines and van service, and to prevent the latter from becoming the former by changes in the size of vehicles and in the nature of services provided.

Finally, we find that the denial of Toniann's petition for extension of its charter and special services permit to allow use of larger vehicles was neither an abuse of discretion nor arbitrary or capricious. The standard for granting such appli-

cation is found in Transportation Law § 155 (1) and provides that the application shall be granted if:

"(a) the applicant is fit, willing and able to provide the transportation to be authorized by the permit * * * and

"(b) the proposed service is or will be consistent with the public interest and the policy declared in section one hundred thirty-seven of this chapter."

The record contains insufficient evidence to support Toniann's assertion that the use of larger vehicles in its contract carrier operation would better serve the public interest. Since DOT has always required a higher standard of proof of public convenience for permission to use larger vehicles, it cannot be said that the determination was improper (see, Application of Supersafe Transp., DOT case No. 30391; Application of Bailey, DOT case No. 30334).

MAHONEY, P. J., CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.