■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Petitioner, v GEORGE P. PIERROT, Doing Business as VENUS TRANSPORTATION, et al., Respondents. (And Another Related Proceeding.)—Mikoll, J. Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Transportation which granted Venus Transportation a certificate of public convenience and necessity to operate as a van service common carrier of passengers by motor vehicle.

Respondent George P. Pierrot is the owner of a 15-seat passenger van which he uses to transport commuters in New York City. Pierrot applied to respondent Department of Transportation (DOT) for a certificate of public convenience and necessity to operate as a common carrier of passengers by motor vehicle. In the morning hours he picks up passengers on a totally prearranged basis in the Cambria Heights and Laurelton areas of Queens County and drops them off at two points in New York County. In the evening hours Pierrot

operates his van solely within Queens County, transporting his regular passengers from a subway station on Hillside Avenue to designated points in Cambria Heights and Laurelton. In the evening hours, Pierrot's regular customers occasionally bring along other passengers whom Pierrot will transport if van space is available. Pierrot does not pick up passengers other than his regular clientele and their occasional companions. He does not travel on bus routes used by petitioner New York City Transit Authority.

After a hearing on the instant application at which petitioners appeared to protest Pierrot's application, an Administrative Law Judge found that Pierrot was fit to operate as a common carrier of passengers by motor vehicle and that Pierrot was operating a van service over which DOT had jurisdiction and authority to grant the permit. DOT approved the findings. Petitioners commenced the instant proceedings pursuant to CPLR article 78 challenging DOT's determination, contending that DOT improperly characterized Pierrot's operation as a van service and that Pierrot's operation should have been characterized as a bus line, over which petitioners, and not DOT, have jurisdiction (see, Transportation Law § 80 [4]). Supreme Court transferred the proceedings to this court pursuant to CPLR 7804 (g).

The determination should be confirmed and the petitions dismissed. DOT properly characterized Pierrot's operation as a van service. Substantial evidence supports the determination permitting Pierrot to operate as a common carrier of passengers by motor vehicle.

Petitioners' claim that a van service must be totally prearranged in order to fit the definition of van service under Transportation Law § 2 (35) is rejected. Prearranged service is a major characteristic of van service but is not the only characteristic, and it is proper for DOT to consider the over-all character of the applicant's operation in making the determination of whether the proposed service is a van or a bus service (see, Matter of New York City Tr. Auth. v White, 144 AD2d 782 [decided herewith]).

Pierrot's morning service is totally prearranged. His evening service is virtually entirely prearranged except for the occasional acceptance of companions of his regular passengers. DOT properly found that the few passengers who ride as companions of regular passengers do not require that Pierrot's service be classified as a bus line. The determination is rational and should not be disturbed by this court (see, Kurcsics

*v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of Toniann's Limousine Serv. v New York State Dept. of Transp.,* 132 AD2d 86, 88).

The operation of a bus service totally within New York City is under the jurisdiction of the city *(see,* Transportation Law § 80 [4]). The operation of a van service, however, since the city had not enacted any ordinances governing the operation of a van service within its boundaries, is under the jurisdiction of DOT *(Matter of Toniann's Limousine Serv. v New York State Dept. of Transp., supra,* at 87-88). Accordingly, DOT had the authority to make this determination.

Petitioners' argument that Pierrot should not now be allowed to operate his van service because he previously operated without proper authorization is not persuasive. DOT's policy that such previous unauthorized use does not automatically preclude the granting of a permit is not inconsistent with comments made by this court in *Matter of Howell v Benson* (90 AD2d 903, *lv denied* 58 NY2d 611), where we found that past violations could be considered in determining whether to grant a license *(supra,* at 904). That case does not hold that a prior violation should completely bar the grant of a license. Here, DOT considered and found that Pierrot's past unauthorized use would not dictate that his application be rejected.

DOT's determination meets the requirements of Transportation Law § 155. There is substantial evidence in the record that Pierrot is competent and able to perform the service authorized *(see,* Transportation Law § 155 [1] [a]) and that his service will be in the public interest *(see,* Transportation Law § 155 [1] [b]).

Determination confirmed, and petitions dismissed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.