■ CITY OF NEW YORK, Respondent, v TRANSPORTAZUMAH LLC, Appellant. [955 NYS2d 333]—

Defendant challenges the enforceability of Administrative Code § 6-202, which states, "It shall be unlawful for any omnibus route or routes for public use . . . to be operated in or upon any street within the city until and unless a franchise or right therefor shall be obtained from the board of estimate." Defendant contends that New York State courts do not have jurisdiction to enforce this provision against it because the provision is preempted by a federal law that states that "no State or political subdivision thereof . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker" (49 USC § 14501 [b] [1]; see Matter of Metropolitan Transp. Auth., 32 AD3d 943, 944 [2d Dept 2006]). However, as 49 USC § 14501 (b) is captioned "Freight forwarders and brokers," while subsection(A) is captioned "Motor carriers of passengers," we find that "broker" in subsection (b) (1) refers to a broker for a freight forwarder, not a broker for a motor carrier of passengers.

We reject defendant's argument that only the Commissioner of the New York State Department of Transportation possesses the power to regulate bus lines within New York City because plaintiff has not "adopted an ordinance, local law or charter to regulate or franchise bus line operations" (Transportation Law § 80 [4]; see e.g. Matter of New York City Tr. Auth. v Pierrot, 144 AD2d 814, 816 [3d Dept 1988]).

Defendant contends that the services at issue in this case constituted charter bus service, which plaintiff may not regulate.

However, even if, arguendo, the Apple Core Transportation Club had a "common purpose" (17 NYCRR 700.1 [i]; *see Matter of Rockland Tr. Corp. v Public Serv. Commn. of State of N.Y.*, 29 Misc 2d 909 [Sup Ct, Albany County 1961]), defendant's operations run afoul of the prohibition in 17 NYCRR 700.1 (i) against carriers' "transport[ing] chartered parties between the same points or along the same routes so frequently as to constitute [a] bus line."

Defendant argues that its service is not a "bus line" (Transportation Law § 2 [3]) because it is not open to the general public (*see* Transportation Law § 2 [7]; *Public Serv. Commn. v Columbo*, 118 NYS2d 873, 877 [Sup Ct, Kings County 1952]). However, the evidence presented to the court showed that anyone could obtain an Apple Core pass and that such passes were not always required to board the buses that defendant had chartered from Skyliner Travel & Tour Bus Corp.

We reject defendant's contention that it does not operate a bus route because it does not physically operate any buses (*see Klinkenstein v Third Ave. Ry. Co.*, 246 NY 327, 331-332 [1927] ["The illegality did not consist in operating an automobile bus, as the vehicle had been properly licensed and the chauffeur duly authorized to operate it. The illegality consisted . . . in the carrying of passengers for hire"]; *see also Matter of Walsh v LaGuardia*, 269 NY 437, 442 [1936]). Defendant also had sufficient control or direction of the operation of a motor vehicle to be an operator (*see* 17 NYCRR 720.1 [m]). It specified the times and places where Skyliner picked up and discharged passengers. Unlike the landlords in *Surface Transp. Corp. of N.Y. v Reservoir Bus Lines, Inc.* (271 App Div 556 [1st Dept 1946]), defendant exercised "exclusive control . . . over the choice of routes and location of its stops" (*id.* at 558).

We reject defendant's contention that it is impossible to comply with Administrative Code § 6-202 because the Board of Estimate no longer exists. By operation of New York City Charter §§ 1152 (e) and 363 (b), the applicable powers and responsibilities of the Board of Estimate devolved upon the New York City Department of Transportation and the New York City Council.

Defendant's contention that the court erred by granting plaintiff summary judgment before defendant had the opportunity to take two more depositions is unavailing. As far as we can tell from the appendix submitted on appeal by defendant, defendant never submitted an affidavit in conformity with CPLR 3212 (f) (*see Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023 [1983]).

We reject defendant's contention that the injunction in the April 2011 order and judgment is vague and overly broad. The injunction obviously refers to the type of bus service that gave rise to the instant case, not to every possible type of bus service that defendant might offer in the future.

We have considered defendant's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, De-Grasse, Manzanet-Daniels and Gische, JJ.