■ In the Matter of JEROME NEIDICH, Petitioner, v JOHN QUINN, as Director of the New York State Division of the Lottery, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which permanently revoked petitioner's license to act as a ticket distributor for the New York State Lottery. Petitioner had been a distributor of lottery tickets for the New York State Division of the Lottery since 1978 when, on July 7, 1980, he was notified by the Lottery Division that his distributor-ship was suspended because he had violated several requirements found in his distributorship agreement with the Lottery Division. At petitioner's request, a hearing was held on the charges on July 18, 1980 after which the hearing officer recommended that five of the several original charges against peti-tioner be sustained and that petitioner's distributorship be terminated because of his "multiple and serious violations of law, rule and contract." Ultimately, respondent Director of the New York State Division of the Lottery concluded in a decision filed August 20, 1980 that four of the charges against petitioner should be sustained, to wit: that petitioner had failed to secure crime insurance as required by the distributorship agreement, that he had failed properly to secure lottery tickets in his possession, that he delayed from June, 1979, the date of his agreement with the Lottery Division, until February, 1980 to secure life insurance with the State as beneficiary even though he knew that the agreement required him to secure such insurance immediately, and that he had failed to maintain adequate records and proper accounting procedures in the operation of his distributorship. Accordingly, respondent revoked the distributorship, and the instant appeal followed. We hold that the challenged determination should be confirmed. Petitioner's contention that substantial evidence does not exist to support the findings that he was in violation of his obligations to the lottery is without merit, and in fact, much of the substance of the charges listed above is supported by petitioner's own testimony at the hearing and documentary evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176). Moreover, petitioner has likewise failed to demonstrate that his distributorship was terminated arbitrarily in that it was motivated by bias on the part of respondent and employees of the Lottery Division. As just noted, there is ample evidence to support the contested findings, and, furthermore, while respondent did indicate in his decision that petitioner had a long history of operating his distributorship unsatisfactorily, he also made it clear that the specific charges against petitioner herein provided sufficient justification for the revocation of the distributorship (see *Matter of Jerry v Board of Educ.*, 50 AD2d 149, app dsmd 39 NY2d 1057).

Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.