Hon. John D. Quinn Director New York State Lottery
Your counsel has requested an opinion regarding the licensing of lottery ticket sellers in New York State. According to her letter, the Division of the Lottery currently licenses thirteen independent franchisees of the Southland Corporation to sell lottery tickets in New York State. The licenses have been issued to the franchisees, not to Southland. Twenty more of these stores have individually applied for agent licenses. Counsel's letter states that Southland was convicted of taking an unauthorized business deduction of $96,000 to further an attempt to bribe New York State tax officials, which was never carried out. The Division does not wish to penalize independent franchisees for a matter over which they had no control and yet hesitates to do business with them under these circumstances. The questions are whether the conviction of the franchisor necessitates (1) the revocation of licenses currently held by franchisees; and (2) the denial of applications for licenses by other franchisees. Counsel has also inquired whether the Division could be subject to lawsuit if it decides to revoke licenses or deny applications for licenses on the ground of the conviction.
Article 34 of the Tax Law is the statutory authorization for New York's lotteries (Tax Law, §§ 1600-1616). The various lotteries are administered by the Division of the Lottery, which is part of the Department of Taxation and Finance (id., § 1603). The Division is responsible for licensing agents to sell lottery tickets throughout the state (id., §§ 1604, 1605). The decision to license a person as a sales agent is based on the Division's opinion as to whether the agent "will best serve public convenience" (id., § 1605). The Division considers the following factors when deciding whether to grant a license:
 "1. Financial responsibility and security of the business or activity in which such person is engaged.
 2. Accessibility of the place of business or activity to the public.
 3. Sufficiency of existing licensees to serve public convenience.
 4. Whether place of business or activity is predominantly frequented by persons under the age of eighteen years.
5. Volume of expected sales." (Ibid.)
In addition to these specific standards, it is well settled that the power to withhold a license for good cause and the standards defining such decisions need not be expressly delegated, where by fair implication in light of the statutory purpose such power has been implicitly delegated (Matter of Barton Trucking Corp. v O'Connell, 7 N.Y.2d 299, 307 [1959]). Licensing officials have implicit discretion to pass on the fitness of the applicant (ibid.; Matter of Howell v Benson, 90 A.D.2d 903 [3d Dept, 1982]). Where the enabling statute authorizes the licensing official to examine applicants, and as a matter of judgment deny licensure, the power to determine fitness of the applicant is necessarily implied (ibid.).
The standards governing the suspension and revocation of licenses are also set forth by statute. Licenses can be suspended or revoked for several reasons, including failure to comply with instructions and standards established by the Division (see Neidich v Quinn 90 A.D.2d 614
[3d Dept, 1982]), conviction of any offense as defined in the Penal Law and fraud, deceit, misrepresentation or "conduct prejudicial to public confidence in the state lottery" (Tax Law, § 1607).
Authority to determine fitness, however, is not absolute. Article 23-A of the Correction Law is designed to prevent unfair discrimination against persons who have been convicted of one or more criminal offenses (Correction Law, §§ 750-755). Section 752 is applicable to private and public employers and licensors, and provides as follows:
 "No application for any license or employment, to which the provisions of this article are applicable, shall be denied by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of `good moral character' when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses, unless:
 (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought; or
 (2) the issuance of the license or the granting of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public." (Correction Law, § 752.)
As we have indicated, in determining a license application the Division may consider the fitness of the applicant (Barton, supra; Op Atty Gen No. 84-37). Under section 752 of the Corrections Law, an applicant for a license may not be found unfit on account of a criminal conviction or based on a finding of bad moral character resulting from a conviction unless there is a direct relationship between one or more of the previous criminal offenses and the specific license sought.* If the application for licensure had come directly from Southland, it is clear that it would be within the Division's discretion to deny the application on the ground that Southland's conviction of a crime involving dishonesty is directly related to its ability to act as a lottery ticket agent. It follows that if the Division were to make this finding, it may also be within its discretion to deny licenses to the franchisees. As your letter indicates, Southland receives 52% of the profit from the operation of each franchisee's store. Although the franchise agreement refers to the franchisee as an independent contractor, such an arrangement in fact may be more in the nature of a partnership. If that were the case, it might give credence to the argument that licensure of a franchisee is, in effect, also the licensure of Southland, the party who was convicted of the crime in question. Under these circumstances, the Division would have discretion to deny licensure of the franchisee on the basis of conviction of a crime involving dishonesty and to suspend or revoke a license for conviction of an "offense as defined in the penal law" (Tax Law, §1607).
If the Division were to find from the character of the business relationship between Southland and its franchisees that licensure of a franchisee was not the indirect licensure of Southland, the Division could still consider the general fitness of the franchisee, along with the factors set forth in sections 1605 and 1607 of the Tax Law, in determining the license applications and whether to revoke existing licenses. As we have indicated, such factors would include determining whether licensees have engaged in conduct prejudicial to public confidence in the lottery. Section 1607 provides that a license may be suspended or revoked for the reasons contained therein, indicating that the decision to suspend or revoke is not mandatory, but is within the Division's discretion.
With regard to counsel's concern as to potential lawsuit liability, the denial of an application, or the revocation of a license would be reviewable under Article 78 of the CPLR.
Accordingly, we conclude that denial of an application for a license to sell New York State lottery tickets because of a criminal conviction is permitted under section 752 of the Correction Law, dependent on a finding by the Division that there is a direct relationship between the previous criminal offense and the specific license sought. Denial of sales licenses or revocation of sales licenses as to franchisees of a franchisor who was convicted of a crime is permissible under certain circumstances.
* In making this determination, the licensing officer is required to consider certain factors (see, id., § 753). One factor is the public policy of the State "to encourage the licensure of persons previously convicted of one or more criminal offenses" (id., § 753[1][a]). Consideration must be given to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which creates a presumption of rehabilitation in regard to the offenses covered by these certificates (id., § 753[2]). (See also, Op Atty Gen Nos. 82-73, 84-37).